# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTINA BARBOUR,**

    **Plaintiff,**

-vs-                                                               Case No. 6:11-cv-102-Orl-22DAB

**LANDRY'S SEAFOOD HOUSE-FLORIDA,
INC. and RAINFOREST CAFE, INC.,**

    **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 37)**
>
> **FILED:**     March 30, 2012
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following a settlement in this Fair Labor Standards Act ("FLSA") case, the parties filed the instant motion, referred to the undersigned for a fairness review. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees

bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, Plaintiff worked for Defendants as a bartender and asserts that she was not properly paid for all hours worked.[1] According to the motion, the crux of Plaintiff's claim is that she was required to wait after completion of her shift to receive tips and Defendants failed to pay Plaintiff overtime or at least the Florida Minimum Wage for the time spent waiting for her tips. Defendants dispute the claim, assert that she was always paid overtime pay when she worked in excess of forty hours per week and was paid the appropriate wage for all hours worked, and maintain that there was no policy requiring her to stay after her shift in order to receive her tips. If the time is properly compensable, Plaintiff claims she would have been owed $1,934.44. If she was not required to wait,

---

[1] Although the action was originally brought on behalf of all others situated, no other plaintiffs have opted in, and the matter can be fully resolved by the present parties.

-2-

as asserted by Defendants, her damages are $0. While neither side concedes their position, the parties have agreed to settle this dispute for (1) $1,000.00 to Plaintiff in full satisfaction of her unpaid wage and overtime claims; and (2) $500.00 to Plaintiff's attorneys in full satisfaction of her attorneys' fees associated with these claims. The motion states that Plaintiff has accepted this sum "in light of the uncertainty of the potential success of her claims," [2] and both sides contend that the settlement is fair and reasonable. Upon review, the Court agrees.

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

With respect to the $500 in attorney's fees here, the parties represent that the amount was negotiated separately from Plaintiff's recovery, and should be approved pursuant to *Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). While *Bonetti* is

---

[2] According to the motion, "the parties also agreed to resolve separately unasserted claims and all other claims Plaintiff could assert arising from her employment with either or both Defendants, and/or separation therefrom." This settlement is contained in a separate settlement agreement that is not before the Court. As the parties recognize, court approval of the terms of the agreement as to the non-FLSA claims is not necessary, as long as those terms do not contaminate the fairness of the FLSA settlement. The Court accepts the representation of counsel that the agreements are truly separate. The instant recommendation of approval thus relates solely to the FLSA settlement.

-3-

not binding on all of the courts in this district, the Court concludes that the fees are reasonable by *any* measure, and are thus due to be approved in any event. As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it further.

For the reasons stated, the Court finds the settlement to be a fair and reasonable resolution of bona fide FLSA issues and therefore **recommends** that the motion be **granted, and the settlement be approved as to the terms stated in the motion**, and that the complaint be dismissed, as requested.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 3, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy